[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#114)
In construing the complaint under attack in the light most favorable to the plaintiff, the court reaches the following conclusions.
Count 3 — Negligence
Connecticut General Statutes § 52-584a expressly provides a seven year statute of limitations for this tort claim.
Count 5 — CUTPA
Contrary to the defendant's assertion CUTPA does apply to a single act of misconduct. Johnson Electric Co. v. Salce Contracting Associates,Inc., 72 Conn. App. 342 (2002).
The defendant also argues that under Haynes v. Yale New HavenHospital, 243 Conn. 17 (1997) and its progeny, CUTPA does not apply to the professional services rendered by the defendant under its contract with the plaintiff. In further support of this argument the defendant relies upon Hendriks Associates LLC v. Old Lyme Marina, Inc.30 Conn.L.Rptr. 26 (2001), and Shoreline Care LTD v. Jansen and RogenConsulting Engineers, P.C., 31 Conn.L.Rptr. 223 (2002).
For purposes of this decision this court assumes without deciding that in the first instance, without more, professional surveying services are shielded from CUTPA by Haynes. That assumption, however, is not dispositive.
The allegations of the fifth count, when read most favorably to the plaintiff, go beyond the mere rendering of professional services. The plaintiff factually alleges that post-performance of its services to the plaintiff the defendant in a clear conflict of interest deliberately embarked upon a course of conduct detrimental to the plaintiff's interest while in the service of another client and that as a result of such CT Page 3484 disservice the plaintiff sustained damages.
If proven, such allegations may well provide the predicate for aggravating circumstances demonstrating either a sinister motive or an unfair entrepreneurial practice beyond the shield of Haynes.
The complaints under review in Hendriks and Shoreline were merely conclusory and unlike here, without factual basis or post-performance involvement of third parties.
Finally, there is no law of this case concerning CUTPA. The initial motion to strike was granted by agreement without a ruling on the merits by the court. Moreover, to construe such granting as the law of the case would render the plaintiff's right to replead a nullity.
Motion denied.
Licari, J. CT Page 3485